**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Western__ District of __Pennsylvania__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Claim Jumper Restaurant (Tualatin), LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   
   Claim Jumper Restaurant

3. **Debtor's federal Employer Identification Number (EIN)**  27-3994248

4. **Debtor's address**

   **Principal place of business**
   
   1000 Jacks Run Rd.
   Number   Street
   
   North Versailles   PA   15137
   City   State   ZIP Code
   
   Allegheny County
   County
   
   **Mailing address, if different from principal place of business**
   
   Number   Street
   
   P.O. Box
   
   City   State   ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   Number   Street
   
   City   State   ZIP Code

5. **Debtor's website (URL)**  _____

Debtor  Claim Jumper Restaurant (Tualatin), LLC    Case number (*if known*)_____
        *Name*

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _7_ _2_ _2_ _5_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check **all** that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor  Claim Jumper Restaurant (Tualatin), LLC  
     Name

Case number (*if known*)_____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No  
   ☐ Yes.  District _____  When ___/___/_____  Case number _____  
                                             MM / DD / YYYY  
           District _____  When ___/___/_____  Case number _____  
                                             MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No  
    ☒ Yes.  Debtor See attachment 1.  Relationship _____  
    District _____  When ___/___/_____  
                                        MM / DD / YYYY  
    Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No  
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____  
        Number    Street  
    _____  
    _____ ____ _____  
    City                        State  ZIP Code

    **Is the property insured?**

    ☐ No  
    ☐ Yes. Insurance agency _____  
           Contact name _____  
           Phone _____

---

### Statistical and administrative information

Debtor  Claim Jumper Restaurant (Tualatin), LLC _____  Case number (if known)_____
          Name

13. **Debtor's estimation of available funds**

   Check one:
   ☑ Funds will be available for distribution to unsecured creditors.
   ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

   ☑ 1-49
   ☐ 50-99
   ☐ 100-199
   ☐ 200-999
   ☐ 1,000-5,000
   ☐ 5,001-10,000
   ☐ 10,001-25,000
   ☐ 25,001-50,000
   ☐ 50,001-100,000
   ☐ More than 100,000

15. **Estimated assets**

   ☐ $0-$50,000
   ☐ $50,001-$100,000
   ☐ $100,001-$500,000
   ☑ $500,001-$1 million
   ☐ $1,000,001-$10 million
   ☐ $10,000,001-$50 million
   ☐ $50,000,001-$100 million
   ☐ $100,000,001-$500 million
   ☐ $500,000,001-$1 billion
   ☐ $1,000,000,001-$10 billion
   ☐ $10,000,000,001-$50 billion
   ☐ More than $50 billion

16. **Estimated liabilities**

   ☐ $0-$50,000
   ☐ $50,001-$100,000
   ☐ $100,001-$500,000
   ☐ $500,001-$1 million
   ☑ $1,000,001-$10 million
   ☐ $10,000,001-$50 million
   ☐ $50,000,001-$100 million
   ☐ $100,000,001-$500 million
   ☐ $500,000,001-$1 billion
   ☐ $1,000,000,001-$10 billion
   ☐ $10,000,000,001-$50 billion
   ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

   I have been authorized to file this petition on behalf of the debtor.

   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on  10/03/2022
                MM / DD / YYYY

   X _/s/ signature_____    Michael Wyse_____
   Signature of authorized representative of debtor    Printed name

   Title  Chief Restructuring Officer_____

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 4

Debtor  Claim Jumper Restaurant (Tualatin), LLC          Case number (if known)_____
        Name

**18. Signature of attorney**

✗ /s/ Daniel R. Schimizzi                    Date  10/03/2022
Signature of attorney for debtor                   MM / DD / YYYY

Daniel R. Schimizzi
Printed name

Whiteford, Taylor & Preston, L.L.P.
Firm name

11          Stanwix Street, Suite 1400
Number   Street

Pittsburgh                          PA      15222
City                                State   ZIP Code

412-275-2401                        dschimizzi@wtplaw.com
Contact phone                       Email address

311869                              PA
Bar number                          State

## Attachment 1

### Pending or Current Bankruptcy Cases Filed by Affiliates

On October 3, 2022, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

| Entity Name | Federal Employer Identification Number (EIN) |
| --- | --- |
| Claim Jumper Acquisition Company, LLC | 27-3960150 |
| Claim Jumper Restaurant (Phoenix), LLC | 27-3994316 |
| Claim Jumper Restaurant (Sacramento), LLC | 83-3337122 |
| Claim Jumper Restaurant (Tualatin), LLC | 27-3994248 |
| C Jumper Restaurant, Inc. | 76-0379351 |
| KRG BHTT, LLC | 82-2593178 |
| KRG JCS Redondo Beach, LLC | 83-3314256 |
| KRG JCS, LLC | 82-2595784 |

**JOINT RESOLUTIONS BY WRITTEN CONSENT OF THE SOLE MANAGER AND SOLE DIRECTOR, AS APPLICABLE, IN LIEU OF SPECIAL MEETING OF CLAIM JUMPER ACQUISITION COMPANY, LLC; CLAIM JUMPER RESTAURANT (PHOENIX), LLC; CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC; CLAIM JUMPER RESTAURANT (TUALATIN), LLC; C JUMPER RESTAURANT, INC.; KRG BHTT, LLC; KRG JCS REDONDO BEACH, LLC; AND KRG JCS, LLC**

The undersigned, being the sole acting manager and sole director (the "Governing Body"), as applicable, of each of the entities specified above and on the signature page hereto (each such entity, individually, a "Company" and together, the "Companies"), acting by written consent without a meeting pursuant to the applicable laws of the relevant jurisdiction in which such Company is organized, does hereby adopt the following resolutions, in all respects as though said resolutions were duly adopted at a special meeting of the sole manager or the board of directors, as applicable:

**WHEREAS**, the Governing Body has reviewed and considered, among other things, the financial condition of the Companies on the date hereof; and

**WHEREAS**, the Governing Body has received, reviewed and considered the recommendations of the management of the Companies and the legal and financial advisors of each Company as to the relative risks and benefits of pursuing a chapter 11 case under the provisions of title 11 of the United States Code (the "Bankruptcy Code");

**NOW THEREFORE LET IT BE RESOLVED**, that, with respect to each Company, the Governing Body has determined, after consultation with the management and the legal and financial advisors of each Company, that it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that the Companies be authorized to file or cause to be filed voluntary petitions for relief (the "Petitions") commencing chapter 11 cases (each a "Chapter 11 Case" and together the "Chapter 11 Cases") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"); and be it

**FURTHER RESOLVED**, that the Governing Body and other personnel authorized by the Governing Body to act in the name of each Company with such authority as may be delegated to such personnel by the Governing Body, including the Companies' Chief Restructuring Officer (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of each Company, and under their corporate seals or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with each Company's Chapter 11 Case or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it

**FURTHER RESOLVED**, that that, to the fullest extent permitted by applicable law, the Companies' Chief Restructuring Officer is authorized and empowered, with full power of delegation, in the name and on behalf of each Company to take any action that the Governing Body could itself take in connection with a transaction involving one or more of the Companies on the one hand, and any insider of the Companies, on the other hand, including without limitation any proposal for a financing transaction, sale or restructuring transaction (any transaction involving the Companies and such insider(s), together with any alternative or potential alternative to any such transaction, a "Potential Transaction"), including the power and authority to: (i) formulate, establish, oversee, control and direct a process for the evaluation and negotiation of any Potential Transaction; (ii) review and evaluate any Potential Transaction; (iii) if and to the extent the Chief Restructuring Officer determines such action is advisable, solicit, review and evaluate, and negotiate the terms and conditions of, any Potential Transaction and any related agreements or documents; (iv) determine to elect not to pursue any Potential Transaction; (v) following the execution of any agreements relating to a Potential Transaction, if any, to take any other actions contemplated by such agreements to be taken by the Chief Restructuring Officer; (vi) approve any actions or agreements and other documents as the Chief Restructuring Officer deems advisable in connection with the exercise of its authority pursuant to these resolutions; and (vii) authorize, empower or direct the other officers and employees of the Companies to provide the Chief Restructuring Officer with such information and assistance as requested and to negotiate, execute and deliver, and to cause the performance of, or waiver of rights under, any such agreement, undertaking, documents or instruments as may be necessary or advisable for the Chief Restructuring Officer to perform such functions; and be it

**FURTHER RESOLVED**, that the retention of the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), to represent the Companies as bankruptcy counsel on the terms set forth in its engagement letter with the Companies and to represent and assist the Companies in preparing and filing the Petitions, the Chapter 11 Filings, and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and be it

2

**FURTHER RESOLVED**, that the retention of the restructuring advisory firm of Wyse Advisors LLC ("Wyse Advisors"), including Mike Wyse as the Companies' Chief Restructuring Officer, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code and to advance the Companies' rights and obligations in connection with the Chapter 11 Cases and any other related matters or proceedings, and in connection therewith, any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Companies, to execute appropriate retention agreements, pay appropriate retainers, if applicable, prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Wyse Advisors as such Authorized Person shall approve; and be it

**FURTHER RESOLVED**, that the retention of the law firm of Whiteford, Taylor & Preston, L.L.P. ("WTP"), to represent the Companies as local counsel on the terms set forth in its engagement letter with the Companies and to represent and assist the Companies in preparing and filing the Petitions, the Chapter 11 Filings, and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Whiteford Taylor; and be it

**FURTHER RESOLVED**, that the retention of Stretto, Inc. ("Stretto"), as notice, claims and balloting, and administrative agent in connection with the Chapter 11 Cases is hereby approved, adopted, ratified and confirmed in all respects, and in connection therewith, any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Stretto; and be it

**FURTHER RESOLVED**, that the Authorized Persons or any one of them be, and each hereby is, authorized and empowered to engage and retain such further accountants, counsel, consultants or advisors to render services to the Companies in connection with the Chapter 11 Cases, the Chapter 11 Filings, and any other related matters or proceedings in connection therewith, and each Authorized Person, acting either individually or jointly, is hereby authorized, empowered, and directed, in the name and on behalf of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of such professionals, and be it

**FURTHER RESOLVED**, that the Governing Body hereby authorizes the Companies to obtain senior secured super-priority debtor-in-possession credit on such terms and conditions as may be satisfactory to an Authorized Person after consultation with Morris Nichols and Wyse Advisors; and be it

3

**FURTHER RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to execute and deliver a debtor-in-possession credit agreement or agreements and any other loan documents accompanying such credit agreement(s) (collectively, the "DIP Credit Documents") in form and substance satisfactory to an Authorized Person after consultation with Morris Nichols and Wyse Advisors; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Company, to borrow and repay in the future under the DIP Credit Documents, to generally administer borrowing under and in compliance with the DIP Credit Documents, and to take such further actions as such Authorized Person may deem necessary, appropriate, or advisable in connection therewith; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Company, to prepare, execute, and deliver such documents, including, without limitation, each of the DIP Credit Documents, and to take such other action as such Authorized Person of such Company may deem necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions; and be it

**FURTHER RESOLVED**, that each of the Authorized Persons is authorized, empowered, and directed, on behalf of and in the name of the Companies, to do such other acts and things as may be determined to be necessary or appropriate by the Authorized Person or Authorized Persons so acting in order to fully effectuate the purpose and intent of the foregoing resolutions and to accomplish the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of any such action by such Authorized Person; and be it

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified; and be it

**FURTHER RESOLVED**, that notwithstanding the Chapter 11 Filings, that each Company shall continue without dissolution; and be it

**FURTHER RESOLVED**, that these resolutions be filed in the books and records of the Companies.

*[Remainder of Page Intentionally Left Blank*

4

**IN WITNESS WHEREOF**, the undersigned, being the sole manager and sole director, as applicable, of CLAIM JUMPER ACQUISITION COMPANY, LLC; CLAIM JUMPER RESTAURANT (PHOENIX), LLC; CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC; CLAIM JUMPER RESTAURANT (TUALATIN), LLC; C JUMPER RESTAURANT, INC.; KRG BHTT, LLC; KRG JCS REDONDO BEACH, LLC; and KRG JCS, LLC, has executed this written consent on the date set forth below.

Name: Michael R. Kelly
Title: Manager/Director
Date: October 2, 2022

Acknowledged and consented to by:

Claim Jumper Acquisition Company, LLC,
  as sole member of Claim Jumper Restaurant (Tualatin), LLC and Claim Jumper Restaurant (Phoenix), LLC

By: _____
Name: Michael R. Kelly
Title: Manager
Date: October 2, 2022

KRG Claim Jumper, LLC,
  as sole director of C Jumper Restaurant, Inc., and as sole member of Claim Jumper Restaurant (Sacramento), LLC and Claim Jumper Acquisition   Company, LLC

By: _____
Name: Michael R. Kelly
Title: Manager/Director
Date: October 2, 2022

[SIGNATURE PAGE OF WRITTEN CONSENT OF THE SOLE MANAGER AND SOLE DIRECTOR, AS APPLICABLE, OF CLAIM JUMPER ACQUISITION COMPANY, LLC; CLAIM JUMPER RESTAURANT (PHOENIX), LLC; CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC; CLAIM JUMPER RESTAURANT (TUALATIN), LLC; C JUMPER RESTAURANT, INC.; KRG BHTT, LLC; KRG JCS REDONDO BEACH, LLC; AND KRG JCS, LLC; AUTHORIZING BANKRUPTCY FILING]

BHTT Holdings, LLC,
  as sole member of KRG BHTT, LLC and KRG JCS, LLC

By: _____
Name: Michael R. Kelly
Title: Manager
Date: October 2, 2022

Del Mar Group, LLC,
  as sole member of KRG JCS Redondo Beach, LLC

By: _____
Name: Michael R. Kelly
Title: Manager
Date: October 2, 2022

[SIGNATURE PAGE OF WRITTEN CONSENT OF THE SOLE MANAGER AND SOLE DIRECTOR, AS APPLICABLE, OF CLAIM JUMPER ACQUISITION COMPANY, LLC; CLAIM JUMPER RESTAURANT (PHOENIX), LLC; CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC; CLAIM JUMPER RESTAURANT (TUALATIN), LLC; C JUMPER RESTAURANT, INC.; KRG BHTT, LLC; KRG JCS REDONDO BEACH, LLC; AND KRG JCS, LLC; AUTHORIZING BANKRUPTCY FILING]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | Chapter 11 |
| Claim Jumper Restaurant (Tualatin), LLC, | Case No. 22-_____ (___) |
| Debtor.[1] | Joint Administration Requested |

## CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Claim Jumper Restaurant (Tualatin), LLC, the above-captioned debtor and debtor in possession, hereby states as follows:

| Equity Holder of Claim Jumper Restaurant (Tualatin), LLC | Percentage of Membership Interests Held | Address |
|---|---|---|
| Claim Jumper Acquisition Company, LLC | 100% | 1000 Jacks Run Rd., North Versailles, PA 15137. |

---

[1] The last four digits of the Debtor's federal EIN are 4248. The Debtor's mailing address is 1000 Jacks Run Rd., North Versailles, PA 15137.

**Fill in this information to identify the case:**

Debtor name: **Claim Jumper Acquisition Company, LLC, et al.**
United States Bankruptcy Court for the: **Western** District of **Pennsylvania** (State)
Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | **Sysco Corporation**<br>1390 Enclave Parkway<br>Houston, TX 77077 | P: 281-584-1390 | Trade Debt | | | | **$8,880,358** |
| 2 | **Department of the Treasury Internal Revenue Service**<br>333 W Pershing Rd<br>Kansas City, MO 64999-0002 | P: 800-829-4933 | Payroll Taxes | | | | **$5,023,770** |
| 3 | **Landry's, Inc.**<br>1510 West Loop South<br>Houston, TX 77027 | P: 713-386-7010 | Accrued Royalty / Settlement | C | | | **$1,916,681** |
| 4 | **California Dept of Tax and Fee Administration**<br>450 N St.<br>Sacramento, CA 94279 | P: 800-400-7115 | Sales Tax | | | | **$1,898,179** |
| 5 | **Jordan Farah, Class Action Rep.**<br>c/o Aaron Gundzik, Esq.<br>15260 Ventura Blvd., Suite 1920<br>Sherman Oaks, CA 91403 | Aaron C. Gundzik<br>P: 213-542-2100<br>F: 818-918-2316<br>aaron.gundzik@gghllp.com | Judgment | | | | **$1,380,927** |
| 6 | **Reinhart Foodservice, LLC**<br>100 Harborview Plaza, Suite 200, La Crosse, WI 54601 | Ray Rytilahti<br>rerytilahti@rfsdelivers.com | Settlement | C | | | **$950,000** |
| 7 | **Nevada Tax Center Department of Taxation**<br>1550 College Parkway, Ste. 115<br>Carson City, NV 89706 | P: 866-962-3707 | Sales Tax | | | | **$871,578** |
| 8 | **Utah Partners LLC**<br>1800 Vernon St., Unit 2<br>Roseville, CA 95678 | Steve Ayers | Rent | D | | | **$717,555** |

Debtor Name  **Claim Jumper Acquisition Company, LLC, et al.**       Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Opry Mills Ltd Partnership**<br>P.O. Box 402242<br>Atlanta, GA 30384-2242 | P: 317-263-7102<br>aliah.akbar@simon.com | Rent | D | | | $686,306 |
| 10 | **Willows Shopping Center**<br>One Independent Drive<br>Suite 114<br>Jacksonville, FL 32202 | Susan Novak<br>susannovak@regencycenters.com | Rent | D | | | $588,501 |
| 11 | **Arizona Dept. of Revenue**<br>1600 W. Monroe St.<br>Phoenix, AZ 85007 | P: 602-255-3381 | Sales Tax | | | | $519,071 |
| 12 | **State of California Employment Development Dept.**<br>1800 30th Street, Ste. 240<br>Bakersfield, CA 93301 | Leann Ordonez<br>P: 661-395-2931 | Sales Tax | | | | $470,436 |
| 13 | **Svnc 1 LLC C/O The Rmr Group LLC**<br>P.O. Box 776903<br>Chicago, IL 60677-6903 | Pat Davis<br>P: 803-766-3853<br>F: 617-928-1305 | Rent | D | | | $436,258 |
| 14 | **Valencia Marketplace II LLC**<br>5743 Corsa Ave, Ste. 200<br>Westlake Village, CA 91362 | Greg Greenstein | Rent | D | | | $361,264 |
| 15 | **City of Redondo Beach**<br>c/o Harbor Division Manager<br>415 Diamond St<br>Redondo Beach, CA 90277 | Elizabeth House<br>P: 310-372-1171<br>laurie.koike@redondo.org | Rent | | | | $356,497 |
| 16 | **GGP Holding II Inc.**<br>P.O. Box 86, SDS 12 1664<br>Minneapolis, MN 55486-1661 | Emily Martin<br>P: 312-960-6364<br>emily.martin@brookfieldpropertiesretail.com | Rent | | | | $345,231 |
| 17 | **Heartland Payment Systems LLC**<br>P.O. Box 936565<br>Atlanta, GA 31193-6565 | George Wilmer | Merchant Debt | D | | | $344,900 |
| 18 | **Illinois Department of Revenue**<br>555 W. Monroe Street<br>Suite 1100<br>Chicago, IL 60661 | P: 217-782-3336<br>P: 800-732-8866<br>rev.ta-sales@illinois.gov | Sales Tax | | | | $308,721 |
| 19 | **Washington State Department of Revenue**<br>Treasury Management<br>P.O. Box 47464<br>Olympia, WA 98504-7464 | P: 360-705-6705<br>F: 360-705-6699 | Sales Tax | | | | $274,412 |
| 20 | **M & J Big Waterfront Town Center II LLC**<br>8531 Solution Center, Lockbox 778531 | P: 312-279-5986<br>jstein@wilkow.com | Rent | D | | | $250,000 |

Official Form 204        **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**         page 2

Debtor Name  **Claim Jumper Acquisition Company, LLC, et al.**                  Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Colorado Department of Revenue**  Attn: Collections  P.O. Box 17087  Denver, CO 80217-0087 | P: 303-238-7378  P: 303-205-8291 | Sales Tax | | | | $248,879 |
| 22 | **South Coast Plaza**  P.O. Box 54876  Los Angeles, CA 90074-4876 | Debbie Alcock  P: 714-738-3233  alcockd@southcoastplaza.com | Rent | | | | $224,631 |
| 23 | **Jordan Creek Town Center, LLC**  P.O. Box 86, SDS-12-2423  Minneapolis, MN 55486-2423 | Martha Wagner  P: 818-686-9111  Martha.Wagner@brookfieldpropertiesretail.com | Rent | | | | $221,703 |
| 24 | **Alderwood Mall**  P.O. Box 86, SDS-12-3019  Minneapolis, MN 55486-3019 | Daniel Ross  P: 312-960-5282  daniel.rios@bpretail.com | Rent | | | | $219,844 |
| 25 | **Clackamas Mall LLC**  P.O. Box 860117  Minneapolis, MN 55486-0117 | Suzanne Hanley | Rent | | | | $207,545 |
| 26 | **Edward Don & Company**  2562 Paysphere Cir.  Chicago, IL 60674 | William Bowe  P: 708-442-9400 | Trade Debt | | | | $198,484 |
| 27 | **Aramark Uniform**  1904 Hawks Nest Drive  Hermitage, TN 37076 | Jeff Tharpe  P: 904-487-1643 | Trade Debt | | | | $174,095 |
| 28 | **River Crab**  c/o Endeavor Real Estate Group  500 West 5th St., Suite 700  Austin, TX 78701 | P: 512-682-5517  F: 512-682-5505  cshelton@endeavor-re.com | Rent, Settlement | | | | $165,889 |
| 29 | **Spirit Master Funding X, LLC**  P.O. Box 206453  Dallas, TX 75320 | P: 800-973-0850  portfolioservicing@spiritrealty.com | Rent | | | | $165,101 |
| 30 | **BRE Throne Preston Park LLC**  P.O. Box 645344  Cincinnati, OH 45264-5344 | P: 610-834-7724 | Rent | | | | $153,460 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 3

**Fill in this information to identify the case and this filing:**

Debtor Name __Claim Jumper Restaurant (Tualatin), LLC__

United States Bankruptcy Court for the: __Western__    District of __Pennsylvania__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __Corporate Ownership Statement and List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/03/2022__    ✗ /s/ Michael Wyse _____
MM / DD / YYYY    Signature of individual signing on behalf of debtor

__Michael Wyse_____
Printed name

__Chief Restructuring Officer_____
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**